UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL D. FORD,<br><br>           Plaintiff,<br><br>  v.<br><br>FIORI,<br><br>           Defendant. | 1:23-cv-01676-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>THIRTY (30) DAY DEADLINE |

      Plaintiff Marcel D. Ford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 4, 2023. (ECF No. 1). The Court issued a screening order giving leave to amend on April 19, 2024. (ECF No. 12). Plaintiff filed a First Amended Complaint (ECF No. 13) on May 2, 2024, which is now before the Court for screening. Plaintiff generally alleges that Officer Fiori at Kern Valley State Prison (KVSP) failed to protect him from the risk of having an R suffix. For the reasons given below, the Court will recommend that this case be dismissed for failure to state a claim upon which relief may be granted.

      For the reasons given below, the Court will recommend that this case be dismissed for failure to state a claim upon which relief may be granted.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. BACKGROUND

Plaintiff filed his original complaint on December 4, 2023. (ECF No. 1). Plaintiff alleged in that complaint that he told Officer Fiori he could not be in a building, but Officer

2

1  Fiori did not act or question Plaintiff why. A day later, Plaintiff was asked by many inmates in
2  D-6 to show them his prison charges/prison papers and if he did not, Plaintiff would have to
3  leave the unit. This set off a red flag for the Plaintiff, because he has a sex offender R suffix,[1]
4  so he knew he was in danger. Plaintiff filed an inmate 602 appeal on his safety concerns. The
5  appeals office returned Plaintiff's appeals (there were two of them), Log # 402207 along with
6  Log # 403774, saying in one of his appeals that Plaintiff does have an R suffix. Plaintiff states
7  he was injured because "this officer put [his] life in a very serious danger by giving one of his
8  appeals to cell 223." (*Id.*) Plaintiff alleged that Officer Fiori knew his correct cell number, yet
9  delivered it to the wrong cell, who shared it with other inmates. Plaintiff alleged that this was
10 an act of pure negligence.

11 The Court screened Plaintiff's complaint and found that it failed to state a constitutional
12 claim because Plaintiff did not allege that Defendant Fiori acted with deliberate indifference in
13 misdelivering the mail. (ECF No. 12). There were no facts indicating that Defendant Fiori
14 intentionally delivered the mail to the wrong cell number. He did not allege anything Defendant
15 Fiori said or did that would show that Defendant Fiori intended to do so, or acted with anything
16 more than negligence, which did not state a claim for failure to protect in violation of the
17 Eighth Amendment.

18 The Court provided legal standards for a failure to protect claim under the Eighth
19 Amendment and gave Plaintiff leave to amend. (ECF No. 12). Plaintiff filed an amended
20 complaint on May 2, 2024. (ECF No. 13).

21 **III.  SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT**

22 Plaintiff brings a single claim for failure to protect against Defendant Officer Fiori.

23 Plaintiff alleges that he told Officer Fiori that he could not be in the building. He drew a
24 large letter on a sheet of paper, which was an "R," letting this officer know that Plaintiff was a
25 sex offender and needed to be removed from the unit because other inmates were asking to see

---

[1] The letter "R" is attached as a suffix to the custody classification of inmates who have a history of specific sex offenses listed in Cal. Penal Code § 290. *See* 15 Cal. Code Regs. § 3377.1(b). The regulation sets forth the criteria for affixing an R suffix and procedures for its application and its removal. *Id.*

1  his prison charges. Not only did this officer not remove Plaintiff from the unit, he would give
2  all of Plaintiff's confidential mail written by the appeals office to another inmate in cell 223,
3  letting that inmate know Plaintiff had an R suffix. Defendant Fiori would also open Plaintiff's
4  door and ask if Plaintiff would like to go to the yard or dayroom and Fiori would be downstairs.
5  This left Plaintiff wide open without any defense.

Officer Fiori knew that Plaintiff was a sex offender because Plaintiff explained it to him at his cell door in secret and showed him an "R." Officer Fiori was also aware that other inmates wanted to see Plaintiff's prison charges. Officer Fiori would open the door and tell the other staff members not to open it. Inmates would walk by Plaintiff's cell and Plaintiff would be hiding in the back of his cell praying that he did not get hurt or killed. Anyone could have come right into his cell and stabbed Plaintiff with a knife or a group of inmates could have attacked Plaintiff while his door was open and hurt Plaintiff. Plaintiff told this officer he has an R on his jacket and is not safe.

In the section describing the relief sought, Plaintiff requests $100,000 in compensatory damages. Plaintiff does not request injunctive relief.

**IV.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

V.   **ANALYSIS OF PLAINTIFF'S AMENDEDCOMPLAINT**

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See id.* at 833; *see also Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prison official is liable under the Eighth Amendment only if he acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.

1986). Neither negligence nor gross negligence constitutes deliberate indifference. *See Farmer*, 511 U.S. at 835–36 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Assuming for the sake of screening that distribution of the R suffix classification posed a threat of serious harm, Plaintiff still does not state a claim for a constitutional violation because Plaintiff does not allege that Defendant Fiori acted with deliberate indifference. Although Plaintiff alleges that Defendant Fiori delivered confidential mail to another inmate, there are no facts indicating that this was intentional rather than negligent. He does not allege anything Defendant Fiori said or did that would show that Defendant Fiori intended to do so, or acted with anything more than negligence. However, negligent actions do not state a claim for failure to protect in violation of the Eighth Amendment.

Similarly, his allegation that Defendant Fiori opened Plaintiff's door when Defendant Fiori was downstairs does not allege deliberate indifference to his safety. Plaintiff does not allege anything Defendant Fiori did or said that indicate Fiori opened Plaintiff's door to expose Plaintiff to harm, rather than to allow Plaintiff to go to yard or dayroom as Defendant Fiori allegedly said to Plaintiff.

Plaintiff's claim also does not state a cognizable constitutional violation because, although he seeks damages (and not injunctive relief), he has not alleged any injury from Defendant Fiori's conduct. Plaintiff cannot obtain damages for any mental or emotional injury without a showing of physical injury. 42 U.S.C.A. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."); *Burnett v. Kesteloot*, No. 2:20-CV-0400 DB P, 2021 WL 978516, at *2 (E.D. Cal., Mar. 16, 2021), *report and recommendation adopted*, 2021 WL 1721446 (E.D. Cal., Apr. 30, 2021) ("As plaintiff was previously informed, his failure-to-protect claim against CO Kesteloot fails because, by plaintiff's own admission, the defendant's intentions were thwarted by plaintiff. In other words, plaintiff does not allege any injury from CO Kesteloot's false statement to inmate Jones. Having suffered no injury, plaintiff does not state a cognizable claim."); *Borowiec v. Jones*, No.

2:23-CV-2173 DB P, 2024 WL 1622932, at *3 (E.D. Cal., Apr. 15, 2024) (dismissing failure to protect claim in part because "plaintiff does not allege he suffered a physical injury while or after he was being chased").

Plaintiff, therefore, has not alleged an Eighth Amendment failure-to-protect claim against Defendant Fiori.

## VI.  CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims.

Based on the forgoing, the Court will recommend that this case be dismissed for failure to state a claim. Moreover, the Court will not recommend further leave to amend because Plaintiff was already given leave to amend along with the relevant legal standards.

Additionally, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice, for failure to state any cognizable claims.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 26, 2024**               /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE